EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
DANIEL ROGERS
Deputy Attorney General
KYLE NIKI SHAFFER, State Bar No. 122374
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2226
 Fax: (619) 645-2191
 Email: Niki.Shaffer@doj.ca.gov

*Attorneys for Respondent*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER ADAME,** | 08cv0787 H (CAB) |
| *Petitioner*, | |
| v. | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |
| **MATTHEW CATE,** *Secretary*, | |
| *Respondent*. | |

Respondent, Matthew Cate,[1/] by and through his counsel, Edmund G. Brown Jr., Attorney General of the State of California, and Kyle Niki Shaffer, Deputy Attorney General, files this Answer

1. Petitioner has improperly named the California Attorney General as a respondent. The Attorney General is not a proper party to this suit, and should be dismissed as a named respondent. Where a habeas corpus petitioner is in custody pursuant to a challenged state-court judgment, the proper responding party is the state officer having custody of the applicant. Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a). This is the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Because Petitioner is already incarcerated for the judgment he challenges, the warden is the proper respondent, and the California Attorney General should be dismissed as a named respondent. *Allen v. State of Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998).

to the Petition for Writ of Habeas Corpus (the "Petition") pursuant to the Order of this Court filed on May 5, 2008. Respondent alleges as follows:

I.

Petitioner is lawfully in Respondent's custody following his convictions for forcible rape (Cal. Penal Code § 261(a)(2)) (count 1), forcible oral copulation (Cal. Penal Code § 288a(c)) (count 2), felony false imprisonment (Cal. Penal Code §§ 236, 237(a)) (count 3), and robbery (Cal. Penal Code § 211) (count 4) of victim Erin. In addition, the jury found Petitioner guilty of a series of offenses against a second victim, Pamela, namely forcible rape (Cal. Penal Code § 261(a)(2)) (count 5), forcible oral copulation (Cal. Penal Code § 288a(c)) (count 6), and felony false imprisonment (Cal. Penal Code §§ 236, 237(a)) (count 7). The jury also found Petitioner guilty of assaulting another victim, Roxanne, with a deadly weapon with force likely to cause great bodily injury (Cal. Penal Code § 245(a)(1) (count 8). Finally, with respect to a fourth victim, Stephanie, the jury found Petitioner guilty of receiving stolen property (Cal. Penal Code § 496(a)) (count 11). The jury also found true various sentencing-enhancement allegations. Petitioner's judgment of conviction was entered in the San Diego County Superior Court before the Honorable Laura Hammes in case number SCD 176307 on January 28, 2005, when he was sentenced to 74 years and 8 months to life in state prison.

II.

Petitioner appears to have exhausted his available state-court remedies as to the claims set forth in the instant Petition by presenting the claims to the California Supreme Court in a petition for review. Without waiving the right to require that Petitioner exhaust his remedies, Respondent respectfully requests that this Court deny all of Petitioner's claims on the merits, notwithstanding any failure to exhaust, pursuant to 28 U.S.C. § 2254(b)(2).

III.

The deferential standard of federal habeas corpus review established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), applies to Petitioner's claims. Under this deference standard, Petitioner's claims must be denied without *de novo* review because the state courts previously rejected Petitioner's claims on the merits. The state courts'

1 findings were neither contrary to, nor an unreasonable application of, United States Supreme Court
2 precedent or the facts presented.

### IV.

The state courts made numerous express and implied factual findings. Petitioner has shown no grounds why the presumption of correctness mandated by 28 U.S.C. § 2254(e)(1) should not apply to these factual findings.

### V.

Petitioner is not entitled to an evidentiary hearing to resolve his pending claims. 28 U.S.C. § 2254(e).

### VI.

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated by reference herein. Except as expressly admitted, Respondent denies each and every allegation of the Petition and specifically denies that Petitioner's confinement is in any way improper, that any condition of Petitioner's confinement is illegal, or that any of his rights has been or is being violated in any way.

///
///
///

1   For the reasons set forth more fully in the accompanying Memorandum of Points and
2 Authorities, the Petition should be denied with prejudice, the proceedings dismissed, and any
3 request for certificate of appealability denied.

4   Dated: June 19, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General

　　*s*/**KYLE NIKI SHAFFER**

KYLE NIKI SHAFFER
Deputy Attorney General

*Attorneys for Respondent*

KNS:sm
80249860.wpd
SD2008801153

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS                                    Case No. 08cv0787 H (CAB)

4

# CERTIFICATE OF SERVICE BY U.S. MAIL

I declare: I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 19, 2008**, I served the following documents:

| | | |
|---|---|---|
| (1) | ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; | *Adame v. Cate* |
| (2) | MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; and | United States District Court Southern District of California 08cv0787 H (CAB) |
| (3) | NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE | |

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**CHRISTOPHER ADAME
CDC NO V-64509
CSATF E2-116U
P O BOX 5242
CORCORAN CA 93212**

*Pro se*

**ELECTRONIC MAIL NOTICE LIST**
I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: None.

**MANUAL NOTICE LIST**
The following are those who are *not* on the list to receive e-mail notices for this case (who therefore require manual noticing): **CHRISTOPHER ADAME** at the above-named address.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 19, 2008**, at San Diego, California.

STEPHEN MCGEE
Declarant